**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURICIO LOPEZ-CRUZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-73421 <br><br> Agency No. A087-596-081 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Mauricio Lopez-Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Lopez-Cruz does not challenge the agency's determination that his untimely asylum application was not excused by changed or extraordinary circumstances. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). In light of this dispositive determination, we do not reach Lopez-Cruz's contentions regarding the merits of his asylum claim, and deny the petition as to Lopez-Cruz's asylum claim.

We lack jurisdiction to consider Lopez-Cruz's contention that he established past persecution in part based on harm to his family members. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review claims not raised to the agency). Substantial evidence supports the agency's determination that Lopez-Cruz failed to establish he suffered harm rising to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (record did not compel conclusion that discriminatory mistreatment of petitioner amounted to persecution). Substantial evidence also supports the BIA's determination that Lopez-Cruz failed to establish that it is more likely than not he will be persecuted if returned to Mexico. *See Singh v. INS*, 134 F.3d 962, 967 (9th

Cir. 1998) (petitioner must show risk more specific than a "generalized or random possibility of persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In light of our conclusion regarding the BIA's findings, we reject Lopez-Cruz's request for remand. Thus, we deny the petition as to Lopez-Cruz's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief because Lopez-Cruz failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**